UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERNESTO POMA ALVARADO, | No. 2:26-CV-01626-SAB |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION** |
| JULIO HERNANDEZ, Seattle Field | **FOR WRIT OF HABEAS** |
| Office Director, Enforcement and Removal | **CORPUS** |
| Operations, United States Immigration and | |
| Customs Enforcement (ICE); BRUCE | |
| SCOTT, Warden, Northwest ICE | |
| Processing Center; MARKWAYNE | |
| MULLIN, Secretary, United States | |
| Department of Homeland Security; TODD | |
| BLANCHE, United States Attorney | |
| General; and UNITED STATES | |
| DEPARTMENT OF HOMELAND | |
| SECURITY, | |
| Respondents. | |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Rowan Laidlaw. Respondents are represented by Lawrence Joel Van Daley, Sr.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS *1**

Petitioner, a citizen of Guatemala, entered the United States in 2022. In 2024, he moved to Bellingham, Washington. On February 28, 2024, Petitioner was apprehended and detained by U.S. Immigration and Customs Enforcement (ICE). On April 8, 2024, Petitioner was released on conditions and has remained on release until his recent re-detainment. During this time, he applied for asylum, gained work authorization, rented an apartment, and began building a community for himself.

On January 26, 2026, Petitioner was again detained by ICE without prior notice or an opportunity to be heard. Petitioner was subsequently taken to the Northwest Ice Processing Facility and has remained there since. On March 25, 2026, an Immigration Judge ordered Petitioner removed from the United States. Petitioner appealed that decision, which remains pending.

Respondents assert that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), and no pre-deprivation process was required.

Courts in this District have held that when an immigration petitioner is released and later re-detained, that petitioner is held in detention pursuant to § 1226(a) and is therefore not subject to mandatory detention. *See e.g.*, *Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026). This is true even when a petitioner is alleged to have violated the terms of release from detention. *See Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025); *Camacho*, 2026 WL 1243459 at *7; *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026).

When determining whether a petitioner held under § 1226(a) has received appropriate due process regarding detention, courts in this District apply the three-factor *Mathews* test. *See e.g.*, *Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS *2**

deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

Courts in this District have routinely determined that a finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g.*, *Rana*, 2026 WL 472800, at *4–5; *Camacho*, 2026 WL 1243459 at *8; *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). Under Ninth Circuit caselaw, the status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released into the community in 2024. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As to whether Petitioner should be released, the Court notes that Petitioner's re-detainment was the impetus for the pending controversy. Therefore, Petitioner should be released as that was his status prior to re-detainment. *See Tanner*, 316

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS *3**

F.2d at 809. Furthermore, having a bond hearing at this stage would not cure the underlying constitutional violation and immediate release is the only way to return the status quo.

Accordingly, **IT IS ORDERED**:

1.    Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2.    **Within one (1) day of the date of this order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this order, Respondents shall file a certification that Petitioner has been released.

3.    Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4.    At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 5th day of June 2026.

_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS *4**